## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBER JUST, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| EXAMONE WORLD WIDE, INC. | : | |
| | : | |
| Defendant. | : | July 18, 2024 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Kimber Just, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, ExamOne World Wide, Inc., respectfully alleges:

## PARTIES

1.     Plaintiff, Kimber Just, is a citizen and resident of the State of Connecticut.

2.     Defendant ExamOne World Wide, Inc. was and is a Pennsylvania corporation with a principal place of business located at 10101 Renner Boulevard, Lenexa, Kansas 66219.

3.      Defendant has an office located at 2080 Silas Deane Highway #202, Rocky Hill, Connecticut 06067.

4.     Defendant employs 15 or more employees.

5.     At all times material, Defendant, ExamOne World Wide, Inc. is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

6.     At all times material, plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

1

7. At all times material, Defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

8. At all times material, plaintiff is an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

10. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11. This Court has supplemental or pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12. Defendant employed plaintiff at its Rocky Hill, Connecticut location.

13. Defendant hired plaintiff on or about October 17, 2022.

14. Plaintiff's job position was CSR Phlebotomist.

15. Plaintiff was qualified for the job.

16. Defendant employs Crystal Lavelle.

17. Lavelle is a supervisor.

18. Lavelle supervised plaintiff.

19. Lavelle was responsible for training plaintiff.

20. Defendant received training from Lavelle.

21. Defendant employs an individual first name Karen.

22. Karen was not a supervisor.

23. Karen told plaintiff that Lavelle was not training her properly.

24. Karen told plaintiff that she would train her better.

25. Karen told plaintiff that if she needed to take a break then she needed to call her cell phone.

26. Plaintiff spoke to Lavelle about how to properly take herself out on break to use the bathroom.

27. Karen told plaintiff that if she kept calling disconnected phone numbers that she could fake her call logs.

28. Plaintiff told Karen that she was going to do her job as she was trained.

29. On November 7, Karen was supposed to train plaintiff on her first Para Exam. Plaintiff was supposed to shadow Karen so she could see how it was done. Karen admitted that she did not like to see patients so plaintiff was on her own.

30. On November 9, Karen admitted that she did not like to see patients because she was "high". Her hands would shake and she could not be sure that she would not harm the patient.

31. Karen told plaintiff that she hated her home life so she was always "high".

32. Plaintiff notified a co-worker and team lead, Charity Coelho, of Karen's workplace behavior and remarks.

33. Coelho told plaintiff that she previously reported Karen to management and management did nothing.

34. Plaintiff told Coelho that Karen was pushing work off to her. Coelho told plaintiff to report it to management.

35.   On November 8, 2022, plaintiff approached Lavelle requesting that Coelho train her on the exam work.

36.   On November 18, Karen, without telling anyone, threw out all the kitchen dishes including the personal items in the trash. Plaintiff asked Karen why she threw the items in the trash.  Karen falsely stated that the cleaners did it.

37.   On December 13, Karen asked plaintiff why she did not like her. Karen said that she knew plaintiff was upset with her because plaintiff never liked her posts on Teams.

38.   Plaintiff told Karen that she wish she would train her the way she would like to be trained.

39.   On January 9, 2023, Karen had another employee come into the office for no reason but to make fun of the plaintiff.  Karen and the other employee made a big show of texting each other and laughing at plaintiff.

40.   Later in the day on January 9, plaintiff caught Karen smoking at her desk.

41.   Plaintiff contacted her district manager notifying her of Karen's workplace behavior.

42.   On January 12, 2023, Karen told plaintiff that she knew Complainant was talking to people behind her back.

43.   Karen called Complainant "a f-cking c-nt"; and a "stupid b-tch".

44.   Karen told plaintiff that she needed to watch her back because she was going to make plaintiff's life a living hell.

45.   Plaintiff told Karen that she was calling Crystal Lavelle and Julie Fitzpatrick and she can say these things in front of them.

4

46. Karen kept calling plaintiff a "c-nt" and threatening her until she got Lavelle and Fitzpatrick on the phone.

47. While on the phone, Karen kept saying that plaintiff was making everything up and that plaintiff was the one with the problem.

48. Karen said: "Crystal you hired a witch, a witch, she's been putting curses on us."

49. Plaintiff told defendant that Karen was engaging in intimidating behavior with the intention to try to get her to quit.

50. On January 27, 2023, defendant terminated plaintiff's employment.

51. The reason defendant gave plaintiff for the termination decision was integrity.

52. The integrity reason is false and has been used as a pretext by the defendant to disguise unlawful discrimination and retaliation.

53. Plaintiff is female.

54. The vulgar slang word "c-nt" is considered by the defendant to be obscene and extremely offensive to women.

55. Defendant has an anti-harassment policy.

56. Per the anti-harassment policy, defendant is not supposed to tolerate harassment in the workplace on account of an individual's gender.

57. Defendant has an anti-retaliation policy.

58. Per the anti-retaliation policy, defendant is not supposed to retaliate against those employees who come forward and report discrimination and harassment.

59. Plaintiff filed charges against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about June 8, 2023.

60.     Plaintiff filed charges against defendant with the Equal Employment Opportunity Commission (EEOC) on or about the following date: June 8, 2023.

61.     Plaintiff received a Right to Sue letter from the EEOC on May 20, 2024. (copy attached as Exhibit 1).

62.     Plaintiff received a Release of Jurisdiction letter from the CHRO on April 25, 2024. (copy attached as Exhibit 2).

### FIRST COUNT – Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.

1.     Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

63.     The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sexual harassment within the meaning of Title VII of the Civil Rights Act of 1964.

64     Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

65.     The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

66.     The sexual harassment took place over a course time and leading up to plaintiff's termination thereby constituting a continuing violation of the law.

67.     As a result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress and loss of employment.

68.     Defendant exhibited reckless indifference to plaintiff's rights under Title VII.

6

**SECOND COUNT – Retaliation in Violation of Title VII**

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

69. Plaintiff had a reasonable, good faith belief that she was reporting unlawful discrimination and harassment to the defendant.

70. Defendant, by and through its agents and/or employees, violated Title VII in one or more of the following ways:

a. In that defendant retaliated against the plaintiff for reporting and opposing sexual harassment and gender discrimination in the workplace.

71. As a result of defendant's retaliation, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

72. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

73. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**THIRD COUNT – Gender Discrimination in Violation of Title VII**

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

74. Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a. In that defendant discriminated against the plaintiff on the basis of her gender;

7

75.    As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

76.    As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

77.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**FOURTH COUNT - Retaliation in Violation of C.G.S. §46a-60(b)(4) et seq.**

1.    Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 77 as though fully set forth herein.

78.    Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(b)(4) et seq. in one or more of the following ways:

79.    In that defendant retaliated against the plaintiff for reporting and opposing sexual harassment and gender discrimination in the workplace.

80.    As a result of defendant's retaliation, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

81.    As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

82.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

83.    Defendant exhibited reckless indifference to plaintiff's rights under CFEPA.

8

**FIFTH COUNT** – Gender Discrimination in Violation of C.G.S. §46a-60(b)(1)

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

84. Defendant, by and through its agents and/or employees, violated the CFEPA in one or more of the following ways:

   a. In that defendant discriminated against the plaintiff on the basis of her gender.

85. As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

86. As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

87. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's discriminatory acts.

**SIXTH COUNT** - (Hostile Work Environment/Sexual Harassment In Violation of C.G.S. §46a-60(b)(8))

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

88. Plaintiff was repeatedly subjected to sex harassment in defendant's workplace.

89. The harassment was unwelcome.

90. The harassment was motivated, at least in part, on account of plaintiff's sex.

91. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

92. Defendant knew or should have known that the plaintiff was being harassed because of her sex and unreasonably failed to stop the sex harassment.

93. As a result of the hostile work environment, plaintiff suffered harms and losses.

94. As a result of the sex harassment, plaintiff has been deprived of work and equal employment opportunities because of the sex harassment.

95. As a further result of defendant's sex harassment of the plaintiff, plaintiff has been deprived of income and wages, employee benefits, loss of employment, and interest.

96. As a further result of defendant's sex harassment, plaintiff has suffered severe humiliation, embarrassment, anxiety, worry, humiliation, degradation, shame, mental anguish, harm to personal reputation, harm to professional reputation and emotional distress.

97. Plaintiff has suffered and will continue to suffer injuries and losses as a result of the sexual harassment.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; Title VII punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: July 18, 2024

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

11

# EXHIBIT 1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/20/2024

To: Kimber Just
45 Hopewell Street
S Glastonbury, CT 06073

Charge No: 16A-2023-01246

EEOC Representative and email:    MARIANNE MONTLER
Supervisory Investigator
Marianne.Montler@EEOC.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
05/20/2024

Yaw Gyebi, Jr.
District Director

Cc:

Sami Asaad Esq.
FordHarrison, LLP
CityPlace II, 185 Asylum Street, Suite 820
Hartford, CT 06103

Jane Strohm
ExamOne, A Quest Diagnostics Company
10101 Renner Boulevard
Lenexa, KS 66219

James V Sabatini Esq.
Sabatini and Associates, LLC
One Market Square
Newington, CT 06111

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16A-2023-01246 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2023-01246 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.ceoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT 2

13



## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Kimber Just**
COMPLAINANT

CHRO No. 2310477

vs.

EEOC No. 16A202301246

**ExamOne World Wide, Inc.**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE: 4/25/2024**

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant:            Kimber Just, via Email: Kjust2634@gmail.com
Complainant's Attorney:  James V. Sabatini, Esq., via Email: jsabatini@sabatinilaw.com
Respondent's Contact:    Jane Strohm, Director, HR Business Partner, via Email:
                         Jane.S.Strohm@questdiagnostics.com
Respondent's Attorney:   Sami Asaad, Esq., via Email: sasaad@fordharrison.com